IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMER INDUSTRIAL TECHNOLOGIES, INC., | JUDGE McLAUGHLIN |
| Plaintiff, | |
| v. | CASE NO.:  02-CV-2902 |
| MLEA, INC. and JOHN K. WIEDEMANN, | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT UNDER
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

**I.      INTRODUCTION**

Defendants, MLEA, Inc. ("MLEA") and John K. Wiedemann ("Wiedemann"), submit this Reply brief in further support of their June 18, 2002 Opposition to Plaintiff's Motion for a Preliminary and a Permanent Injunction and Motion to Dismiss Plaintiff's Complaint Under Fed.R.Civ.P. 12(b)(6). Defendants reiterate their request that this Court deny Plaintiff Amer Industrial Technologies, Inc.'s ("AIT") Motion for a Preliminary and a Permanent Injunction, and move this Court for an Order dismissing Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Defendants respectfully urge the Court to rule promptly on the pending motions, so that at least the issues can be narrowed, thus precluding further expensive yet needless discovery.

-2-

II.    ARGUMENT

    A.    Plaintiff Has Not Met Its Burden Of Responding To Defendants' Motion To Dismiss.

Because Defendants' Motion to Dismiss is supported by Affidavits, the Court treats the motion as a motion for summary judgment under Rule 56. Fed.R.Civ.P. 12(b)(6). Rule 56 of the Federal Rules of Civil Procedure provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Although the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, *the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial*. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (emphasis supplied). Plaintiff's Opposition fails to meet that burden.

Defendants submitted Affidavits that, if unopposed by Plaintiff, would warrant dismissal of Plaintiff's Complaint. Although Plaintiff submitted the Affidavit of Ahmad Amer in response to Defendants' Affidavits, the Amer Affidavit fails to address material points of the Defendants' Affidavits. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (party defending against motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact).

    B.    The Kumsung and CTCI Projects

The Amer Affidavit says absolutely nothing about either the Kumsung or CTCI projects. Specifically, Amer has failed to state facts to support his allegations that AIT had a reasonable expectation of being awarded any of this work, a prerequisite to claims for tortious

interference with prospective contractual relations.  See Advanced Power Systems, Inc. v. Hi-Tech Systems, Inc., 801 F. Supp. 1450, 1459 (E.D. Pa. 1992).

In his Affidavit, Wiedemann avers that he "never told anyone at MLEA about the price or other proprietary information in AIT's bid proposal to Accurate Machine for the Savannah River Project, Kumsung Engineering, CTCI or any AIT business whatsoever."  Wiedemann Aff., ¶ 17.  In addition, Ted DelGaizo, MLEA's president and CEO, avers in his Affidavit that "[t]he first time [he] ever heard of the Kumsung, CTCI fuels, or CTCI $N_2$ projects identified in the Plaintiff's Complaint was when the Complaint was served on MLEA on May 16, 2002."  DelGaizo Aff., ¶ 3.  Moreover, Mr. DelGaizo avers that "MLEA has not bid on and has no intention of bidding on any one of those three projects."  Id., ¶ 4.

"[E]stablishing a risk of irreparable harm is not enough."  Campbell Soup Co. v. Conagra, Inc., 977 F.2d 86, 91 (3d Cir. 1992).  See also Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980) ("an injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights").  Amer's Affidavit completely ignores the Kumsung and CTCI projects and does not refute either the DelGaizo or Wiedemann Affidavits.  Plaintiff has, thus, failed to make the necessary showing in response to the Defendants' Motion as to the Kumsung and CTCI projects.  Therefore, Defendants' Motion for Injunctive Relief should be dismissed as to those projects.

  C. The Savannah River Project

With respect to the Savannah River Project, it is undisputed that work has already been awarded and, indeed, the work under the contract is nearly completed.  See DelGaizo Aff., ¶ 9.  There is no threat to AIT – if ever there was a threat.  SI Handling Systems, 753 F.2d 1244, 1264 (3d Cir. 1985) (relevant inquiry is whether movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued) (emphasis added).  Thus, the

-3-

extraordinary relief of an injunction is not warranted, because the Plaintiff cannot suffer irreparable harm. Id. If it were to turn out that AIT is entitled to some form of relief, damages would be the remedy. Id. See also Campbell Soup, 977 F.2d at 91-92.

Even a case for damages, however, would fall to summary judgment, given the Affidavit of Accurate Machine, the non-party that awarded the Savannah River Project contract – and AIT's failure to counter that Affidavit. Mr. Gough, the President and General Manager of Accurate Machine, in his Affidavit, ranked AIT third among the three bidders. See id. He ranked MLEA first "based on price, delivery, technical capabilities and acceptable reference checks." Id. And, he ranked MECA second, even though MECA's price was higher than AIT's price. Id. Tellingly, Mr. Gough ranked AIT last, concluding that "there seems to be no compelling reason for preference." Id.

Thus, the Accurate Machine Affidavit shows that AIT was *never* in the running to win the contract and that, even if MLEA had never bid on the Savannah River Project, the contract still would not have been awarded to AIT, but would have been awarded to MECA. See Gough Aff., ¶ 11.[1] Plaintiff is unable to prove causation because it would not have been awarded the Savannah River Project contract -- even if MLEA had never bid. See Gough Aff., ¶ 11. Therefore, Plaintiff cannot demonstrate a reasonable probability of success on the merits.

AIT argues that summary judgment is inappropriate because discovery is incomplete. Yet because Plaintiff did not demonstrate, by Affidavit, a reasonable probability of success on the merits, or that it would be irreparably harmed by a denial of its motion for

---

[1] AIT's Affidavit also fails to support its allegations that AIT had an existing contractual relationship with Accurate Machine and, specifically, does not refute Wiedemann's averment that Amer told Wiedemann not to spend too much time on the Savannah River Project bid proposal because AIT only stood a 10% chance of being awarded the contract. See Wiedemann Aff., ¶ 5.

-4-

injunctive relief, it has failed to make a showing sufficient to establish the existence of each element of its case on which it will bear the burden of proof at trial. Thus, summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**III.    CONCLUSION**

Because Plaintiff cannot demonstrate a reasonable probability of success on the merits or irreparable harm as to the Savannah River, Kumsung and CTCI projects, summary judgment should be granted as to all claims for injunctive relief. Similarly, Plaintiff cannot show any damages caused by the Defendants as to the Savannah River project or the Kumsung or CTCI projects, and, therefore, summary judgment is warranted.

/s/ Robert S. Nix
PEPPER HAMILTON LLP
Philip J. Katauskas
Robert S. Nix
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Defendants MLEA, Inc. and
John K. Wiedemann

Date:   July 12, 2002

## **CERTIFICATE OF SERVICE**

I, Robert S. Nix, certify that a true copy of the foregoing Reply Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6) was served via hand delivery, this 12th day of July, 2002 upon the following Attorney for Plaintiff.

Donald D. Gamburg, Esquire
Blank Rome Comisky & McCauley LLP
One Logan Square
Philadelphia, PA  19103-6998


 /s/ Robert S. Nix
Robert S. Nix