IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMER INDUSTRIAL TECHNOLOGIES, INC.,**<br><br>           **Plaintiff,**<br><br>    v.<br><br>**MLEA, INC.; JOHN K. WIEDEMANN; and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf,**<br><br>           **Defendants.** | **JUDGE MARY A. MCLAUGHLIN**<br><br>**CASE NO.: 02-CV-2902** |

## ORDER

AND NOW, this ____ day of _____, 2002, upon consideration of Plaintiff's Motion to Compel Discovery, and any response thereto, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED** and Defendants are required to produce a full and complete response to Plaintiff's First Request for Production of Documents, including Wiedemann's invoices to MLEA for consulting services; documents retrieved from John Wiedemann's personal computer currently used at MLEA; and all withheld proprietary documents retrieved as part of the computer inspections already conducted in this matter within three (3) days of the date of this Order or suffer sanctions upon application to this Court.

IT IS SO ORDERED.

_____
                                  J.

Date:  August 8, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMER INDUSTRIAL TECHNOLOGIES, INC., | : | JUDGE MARY A. MCLAUGHLIN |
| Plaintiff, | : | CASE NO.: 02-CV-2902 |
| v. | : | |
| MLEA, INC.; JOHN K. WIEDEMANN; and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf, | : | FILED AUG - 8 2002 |
| Defendants. | : | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, Amer Industrial Technologies, Inc. ("Plaintiff" or "AIT"), by and through counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, moves this Court to compel Defendants, MLEA, Inc. ("MLEA") and John K. Wiedemann ("Wiedemann") (hereinafter collectively referred to as "Defendants"), to produce non-privileged computer documents retrieved by Plaintiff's computer expert as part of the computer inspections previously ordered in this case, computer documents retrieved from Wiedemann's personal computer currently used at MLEA, and Wiedemann's invoices for consulting services provided to MLEA. Defendants have either delayed the production of or intentionally withheld these documents in violation of this Court's Order and/or Defendants' obligations under Rule 34 of the Federal Rules of Civil Procedure. Despite Plaintiff's good faith efforts to resolve this discovery dispute, Defendants have continued to refuse to produce the subject documents. Accordingly, Plaintiff turns to this Court for assistance.

In support of this Motion, Plaintiff relies upon the Memorandum of Law in Support attached hereto and incorporated by reference herein.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP

_____
RICHARD S. MEYER
DONALD D. GAMBURG
One Logan Square
Philadelphia, PA 19103-6998
(215) 569-5500
(215) 569-5699 (fax)

Attorneys for Plaintiff,
AMER INDUSTRIAL TECHNOLOGIES, INC.

Date:   August 8, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMER INDUSTRIAL TECHNOLOGIES, INC.,** | **JUDGE MARY A. MCLAUGHLIN** |
| Plaintiff, | **CASE NO.: 02-CV-2902** |
| v. | FILED AUG - 8 2002 |
| **MLEA, INC.; JOHN K. WIEDEMANN; and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf,** | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### I. INTRODUCTION

Plaintiff, Amer Industrial Technologies, Inc. ("Plaintiff" or "AIT"), requests that this Court order Defendants, MLEA, Inc. ("MLEA") and John K. Wiedemann ("Wiedemann") (collectively referred to as "Defendants"), produce (i) all non-privileged computer documents retrieved by Plaintiff's computer expert as part of the computer inspections previously ordered in this case, (ii) computer documents retrieved from Wiedemann's personal computer currently used at MLEA, and (iii) Wiedemann's invoices for consulting services provided to MLEA.

On May 31, 2002, this Court ordered that the parties serve abbreviated requests for production of documents by 5:00 p.m. on May 31, 2002. (*See* Order, attached as Exhibit "A"). As such, on May 31, 2002, Plaintiff served on Defendants Plaintiff's First Request for Production of Documents. (*See* Plaintiff's First Request for Production of Documents is attached as Exhibit "B"). Request No. 5 of Plaintiff's First Request for Production of Documents seeks

the production of "[a]ll documents between MLEA and Wiedemann." (*Id.*). During the deposition of Defendants' witness, Theodore DelGaizo (MLEA President/CEO), on July 31, 2002, Plaintiff discovered that Wiedemann submitted invoices for consulting services provided to MLEA during the period from on or about January 22, 2002 through on or about March 25, 2002. (*See* relevant portions of DelGaizo deposition transcript, attached as Exhibit "C"). On August 7, 2002, Plaintiff requested immediate compliance with Defendants' discovery obligations to produce these documents. (*See* Meyer Correspondence dated August 7, 2002, attached as Exhibit "D"). Despite the deposition testimony and the obvious coverage by Request No. 5, Defendants have failed to produce these invoices, which are critical to this case.

On June 18, 2002, this Court entered a Confidentiality Stipulation and Order ("Confidentiality Order") pursuant to which all confidential and proprietary documents would be produced in this matter. (*See* Confidentiality Order, attached as Exhibit "E"). The Confidentiality Order also sets forth the procedure for computer inspections. In accordance with this procedure, Plaintiff's computer expert is to examine Defendants' computers by (i) creating disc duplicates of the subject computers, (ii) creating hard copies of the desired documents from these discs, (iii) producing the desired documents to Defendants' attorney, and then (iv) Defendants' attorney reviewing the documents for privileged matters and producing all non-privileged documents within three (3) days of receipt of same from the computer expert. (*Id.*).

Defendants have consistently failed to meet the three-day production requirement under the Confidentiality Order:

2

| Subject Computer | Date Defendants' Counsel Received Documents | Date Documents Delivered to Plaintiff's Counsel | Total Days |
|---|---|---|---|
| Wiedemann Laptop | July 3, 2002 | July 10, 2002 | 7 |
| Manzon Old PC | July 16, 2002 | July 24, 2002 | 8 |
| Wiedemann Old PC | July 24, 2002 | July 31, 2002 | 7 |
| Manzon New PC | July 29, 2002 | August 2, 2002 | 4 |

(*See* Yavorowski Correspondence dated July 3, 16, 24, and 29, 2002; Gamburg E-mail dated July 10, 2002; and Nix Correspondence dated July 24, 31 and August 2, 2002, all of which are attached as Exhibit "F"). With respect to the last computer inspected by Plaintiff's expert (Wiedemann's personal computer currently used at MLEA), the computer expert sent, by overnight mail, the retrieved documents to Defendants' counsel on July 31, 2002. (*See* Yavorowski Correspondence, dated July 31, 2002, attached as Exhibit "G"). Thus, Defendants' counsel received these documents on August 1, 2002. In accordance with the Confidentiality Order, Defendants' attorneys should have produced the retrieved documents, excluding all privileged documents, by August 4, 2002. On August 7, 2002, Plaintiff requested that Defendants rectify this discovery failure. (*See* Exhibit "D"). Defendants have yet to produce these documents.

Defendants' untimely production of computer documents have been incomplete as well. Indeed, claiming that documents are not their property but rather the property of WSRC or Accurate Machine, Defendants have withheld numerous documents retrieved by the computer expert:

3

| Computer | Document Number |
|---|---|
| Manzon New PC | 0007 |
| Wiedemann Old PC | 0040 |
| | 0126 |
| | 0127 |
| | 0128 |
| | 0133 |
| | 0138 |
| | 0139 |
| | 0140 |
| | 0141 |
| | 0142 |
| | 0143 |
| | 0144 |
| | 0150 |
| | 0151 |
| | 0152 |
| | 0239 |
| | 0240 |
| | 0241 |
| Manzon Old PC | 0526 |
| | 0534 |
| | 0535 |
| | 0536 |
| | 0537 |
| | 0538 |
| | 0540 |

(*See* Privilege Logs attached to Nix Correspondence, attached as part of Exhibit "F"). Defendants have withheld these documents despite the fact that the Confidentiality Order only permits withholding privileged documents. (*See* Exhibit "E"). As for proprietary documents, Defendants are to stamp the documents "Confidential" and produce them. (*Id.*). Plaintiff has repeatedly objected to Defendants withholding such documents and have requested production of same. Nonetheless, Defendants have yet to produce these documents.

4

Due to the deficiencies and delays detailed above, Defendants have almost entirely failed to produce documents and/or information critical to Plaintiff's claims in this case. Indeed, as of the date of this Motion and despite Plaintiff's repeated demands, Plaintiff has failed to provide: (i) the withheld "proprietary" documents from the retrieved computer documents; (ii) the computer documents retrieved from Wiedemann's new personal computer utilized at MLEA; and (iii) Wiedemann's invoices to MLEA for consulting service which cover the time period when MLEA prepared its Savannah River Project proposal. Defendants' failure to provide the discovery discussed above is in violation of the Federal Rules of Civil Procedure and has significantly hindered Plaintiff in its ability to both fully discover and evaluate this lawsuit and to prepare its case.

## II. LAW AND ARGUMENT

Defendants are required to produce the withheld non-privileged computer documents. Rule 34(a) of the Federal Rules of Civil Procedure states that "[a]ny party may serve on any other party a request [to produce documents] which constitute or contain matters within the scope of Rule 26(b) and which are in the *possession, custody or control* of the party upon whom the request is served." (Emphasis added).

It is undisputed that the subject documents were retrieved from Defendants' computers. There is no dispute that such documents are within the scope of discovery under Rule 26(b). In accordance with this Court's Order and Rule 34, the documents should be produced.

Nonetheless, Defendants argue that the documents are the property of a third party, WSRC or Accurate Machine, and thus have refused to produce the documents on this basis. Notwithstanding Defendants' objections, it is well established that a party must produce all documents within its possession regardless whether such documents are not its property. *See, In*

re *Bankers Trust Co.*, 61 F.3d 465, 470-471 (6th Cir. 1995); *Kravitz v. Jewelry Basics, Inc.*, 1990 U.S. Dist. LEXIS 4264, *10-12 (E.D.Pa. 1990). Consequently, Defendants' objection lacks any basis in law, and Defendants should be compelled to produce the documents.

Likewise, there is absolutely no excuse for Defendants' failure to produce Wiedemann's invoices and the documents retrieved from Wiedemann's personal computer currently used at MLEA. The invoices constitute "documents between MLEA and Wiedemann." As such, the invoices clearly should have been produced in response to Request No. 5 of Plaintiff's First Request for Production of Documents.

The computer documents retrieved from Wiedemann's personal computer currently used at MLEA also should have been produced. Defendants' counsel received these documents from Plaintiff's computer expert on August 1, 2002. The Confidentiality Order requires Defendants to produce all non-privileged documents within three (3) days of receipt of such documents from the computer expert. Nonetheless, as of the date of this Motion, Plaintiff has still not received these documents. Defendants' actions violate this Court's Confidentiality Order. Accordingly, Defendants should be compelled to produce these documents immediately.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests this Court enter an Order requiring Defendants to provide full and complete responses to Plaintiff's First Request for Production of Documents, including Wiedemann's invoices for consulting services provided to MLEA; the received and yet produced computer documents retrieved from Wiedemann's personal computer currently used at MLEA; and all non-privileged computer documents retrieved by Plaintiff's computer expert as part of the computer inspections conducted in this matter, including all withheld proprietary and confidential documents. Plaintiff also requests that

this Court impose all appropriate sanctions on Defendants, including, but not limited to, the payment of all attorneys' fees associated with bringing this Motion.

        Respectfully submitted,

        BLANK ROME COMISKY & McCAULEY LLP

        _____
        RICHARD S. MEYER
        DONALD D. GAMBURG
        One Logan Square
        Philadelphia, PA 19103-6998
        (215) 569-5500
        (215) 569-5699 (fax)

Date:  August 8, 2002

        Attorneys for Plaintiff,
        AMER INDUSTRIAL TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Plaintiff's Motion to Compel Discovery, Memorandum of Law in Support thereof, Local Rule 26.1(f) Certification, and proposed Order were served via hand delivery, this 8th day of August, 2002 upon the following Attorney for Defendants:

FILED AUG - 8 2002

Philip J. Katauskas, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799

_____
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMER INDUSTRIAL TECHNOLOGIES, INC., <br><br>  Plaintiff, <br><br> v. <br><br> MLEA, INC.; JOHN K. WIEDEMANN; and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf, <br><br>  Defendants. | JUDGE MARY A. MCLAUGHLIN <br><br> CASE NO.: 02-CV-2902 <br><br> FILED AUG - 8 2002 |

## LOCAL RULE 26.1(f) CERTIFICATION

I, Donald D. Gamburg, hereby certify that all reasonable efforts have been made, including letters and telephone conversations, to in good faith resolve the discovery issues in dispute as outlined in Plaintiff's Motion to Compel Discovery.

_____
DONALD D. GAMBURG

Date:   August 8, 2002