# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMER INDUSTRIAL TECHNOLOGIES, INC., | : | JUDGE MARY A. MCLAUGHLIN |
| | : | |
| Plaintiff, | : | CASE NO.: 02-CV-2902 |
| | : | |
| v. | : | |
| | : | |
| MLEA, INC.; JOHN K. WIEDEMANN; and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of August, 2002, upon consideration of Plaintiff's Motion to Withdraw Request for Preliminary Injunction, it is hereby ORDERED that Plaintiff's request for preliminary injunction is withdrawn, and IT IS FURTHER ORDERED that the preliminary injunction hearing scheduled for August 14, 2002 is canceled and that discovery may otherwise proceed.

IT IS SO ORDERED:

_____
                                                            J.

112300.00400/21052204v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMER INDUSTRIAL TECHNOLOGIES, INC., | : | JUDGE MARY A. MCLAUGHLIN |
| | : | |
| Plaintiff, | : | CASE NO.: 02-CV-2902 |
| | : | |
| v. | : | |
| | : | |
| MLEA, INC.; JOHN K. WIEDEMANN; and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf, | : | FILED AUG - 9 2002 |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION TO WITHDRAW
## REQUEST FOR PRELIMINARY INJUNCTION

Plaintiff, Amer Industrial Technologies, Inc. ("Plaintiff" or "AIT"), respectfully moves

this Court for an order granting withdrawal of its request for preliminary injunction in this

matter. On May 31, 2002, Plaintiff filed a complaint with this Court against Defendants, MLEA,

Inc. ("MLEA") and John K. Wiedemann ("Wiedemann") (collectively referred to as

"Defendants"), in which Plaintiff alleges that Defendants unlawfully misappropriated trade

secrets, tortiously interfered with contractual relations and prospective business relations, and

engaged in a civil conspiracy, and that Wiedemann breached his fiduciary duty or duty of loyalty

to AIT. Along with its complaint, Plaintiff also filed a motion for preliminary injunction. On

July 18, 2002, Plaintiff filed an amended complaint in which, along with the previously alleged

causes of action, Plaintiff also alleged that MLEA engaged in unlawful conversion and unjust

enrichment. Based on the expedited discovery conducted so far in this matter, Plaintiff

voluntarily withdraws its motion for preliminary injunction.

112300.00400/21052204v1

In support of this Motion, Plaintiff relies upon the Memorandum of Law in Support attached hereto and incorporated by reference herein.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP

RICHARD S. MEYER
DONALD D. GAMBURG
One Logan Square
Philadelphia, PA 19103-6998
(215) 569-5500
(215) 569-5699 (fax)

Attorneys for Plaintiff,
AMER INDUSTRIAL TECHNOLOGIES, INC.

Date:    August 9, 2002

112300.00400/21052204v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMER INDUSTRIAL TECHNOLOGIES, INC., | : | JUDGE MARY A. MCLAUGHLIN |
| | : | |
| Plaintiff, | : | CASE NO.: 02-CV-2902 |
| | : | |
| v. | : | |
| | : | |
| MLEA, INC.; JOHN K. WIEDEMANN; and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf, | : | *FILED AUG - 9 2002* |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW REQUEST FOR PRELIMINARY INJUNCTION**

I.    **INTORDUCTION**

On May 31, 2002, Plaintiff, Amer Industrial Technologies, Inc. ("Plaintiff" or "AIT")

filed a complaint with this Court against Defendants, MLEA, Inc. ("MLEA") and John K.

Wiedemann ("Wiedemann") (collectively referred to as "Defendants"), in which Plaintiff alleges

that Defendants unlawfully misappropriated trade secrets, tortiously interfered with contractual

relations and prospective business relations, and engaged in a civil conspiracy, and that

Wiedemann breached his fiduciary duty or duty of loyalty to AIT.  Along with its complaint,

Plaintiff also filed a motion for preliminary injunction.  On July 18, 2002, Plaintiff filed an

amended complaint in which, along with the previously alleged causes of action, Plaintiff also

alleged that MLEA engaged in unlawful conversion and unjust enrichment.  Based on the

expedited discovery conducted so far in this matter, Plaintiff voluntarily withdraws its motion for

preliminary injunction.

## II.    LAW AND ARGUMENT

At the time Plaintiff commenced this action, Plaintiff's complaint was primarily based on the fact that, during his employment with AIT, Wiedemann worked on a proposal to submit to Accurate Machine concerning the design and fabrication, and then later design only, of preheaters, aftercoolers, and process coolers for Westinghouse Savannah River Company ("Savannah River Project").  Wiedemann worked on the proposal for AIT, obtained preliminary designs and calculations, and actually prepared the formal proposals on behalf of AIT.  As such, Wiedemann had access to AIT's proprietary and confidential information regarding the Savannah River Project as well as other projects alluded to in the complaint and amended complaint.  All of this information was, at least at one time, stored on Wiedemann's personal laptop computer which he used for business purposes during his employment at AIT.

Also, Plaintiff knew that, immediately following Wiedemann's termination of employment with AIT, Wiedemann went to work for MLEA.  It is undisputed that Wiedemann informed MLEA about the Savannah River Project, MLEA underbid AIT, the project was awarded to MLEA, and Wiedemann has done a majority of the work on the project for MLEA. Wiedemann's apparent use of proprietary and confidential information obtained during his employment with AIT that Wiedemann has used, at least with respect to Savannah River Project, to the benefit of himself and MLEA gave rise to the reasonable conclusion that Wiedemann would engage in similar conduct concerning other projects.  He has not yet been desposed and Defendants improperly failed to timely produce in discovery invoices rendered by Wiedemann to

2

MLEA for consulting services during the critical time period when MLEA prepared "its" proposal for the Savannah River Project.[1]

Now, over two (2) months later, the parties have conducted expedited discovery consisting of partial document production, computer inspections, and depositions. Plaintiff has deposed Theodore DelGaizo (MLEA President/CEO), Keith Michael (MLEA VP Sales and Marketing), George Timberlake (SVP Business Development), and Paul Manzon (MLEA Special Projects). This discovery has uncovered evidence further substantiating that Widemann and MLEA have utilized AIT's proprietary and confidential information in performing the actual design work for the Savannah River Project. However, because MLEA has completed the work on the Savannah Project, any injunctive relief concerning that project is moot at this time. Consequently, Plaintiff will proceed on its claim for damages with respect to that project.

Even though the deposition of Wiedemann has not yet been taken, Plaintiff has also concluded that, according to MLEA's witnesses' depositions, Defendants have not attempted to solicit AIT's prospective projects involving Kumsung Engineering, CTCI (N2 bottles), and CTCI (fuel tanks). Plaintiff no longer has a reasonable belief that Defendants have acted unlawfully with respect to projects other than the Savannah River Project, and thus Plaintiff seeks to withdraw its motion for preliminary injunction at this time. Nonetheless, if during Wiedemann's deposition or other discovery yet to be performed in this case Plaintiff discovers to the contrary, Plaintiff will refile its motion for preliminary injunction.

---

[1] Following the filing of Plaintiff's Motion to Compel Discovery on August 8, 2002, Defendants finally produced three (3) invoices submitted by Wiedemann to MLEA for his consulting services. At least one of the invoices appears to establish Wiedemann's use of AIT's confidential and proprietary information for his own benefit and the benefit of MLEA.

3

## III.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting Plaintiff's withdrawal of its request for preliminary injunction, canceling the preliminary injunction hearing scheduled for August 14, 2002, and allowing routine discovery to proceed regarding AIT's damage claims for, among others, misappropriation of trade secrets, conversion, and unjust enrichment.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP

RICHARD S. MEYER
DONALD D. GAMBURG
One Logan Square
Philadelphia, PA 19103-6998
(215) 569-5500
(215) 569-5699 (fax)

Attorneys for Plaintiff,
AMER INDUSTRIAL TECHNOLOGIES, INC.

Date:    August 9, 2002

4

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Plaintiff's Motion to Withdraw Request for

Preliminary Injunction, Memorandum of Law in Support thereof, and proposed Order were

served via hand delivery, this 9th day of August, 2002 upon the following Attorney for

Defendants:

Philip J. Katauskas, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799

FILED AUG - 9 2002

_____
Attorney for Plaintiff

112300.00400/21052204v1