IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMER INDUSTRIAL TECHNOLOGIES, INC.,** | : | **JUDGE McLAUGHLIN** |
| **Plaintiff,** | : | |
| v. | : | CASE NO.: 02-CV-2902 |
| **MLEA, INC. and JOHN K. WIEDEMANN,** | : | |
| **Defendants.** | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**I.   INTRODUCTION**

Defendants, MLEA, Inc. and John K. Wiedemann, hereby respond to Plaintiff's Plaintiff Motion to Compel and its Supplemental Memorandum of Law in Support of Its Motion.

**II.   ARGUMENT**

Initially, Defendants agree with Plaintiff's representation that, except for one, all of the discovery issues addressed during the Court's conference call of August 23, 2002, and memorialized in the Court's Order of the same date, have been resolved. With respect to the remaining unresolved dispute over the production of the final design drawings and calculations for the Savannah River Project (collectively, "the Deliverables"), however, Plaintiff's contention that "MLEA has not advanced a legally cognizable basis for restricting production of the Deliverables" is without merit.

Federal Rule of Civil Procedure 26(c)(7) provides in part:

for good cause shown, the court in which the action is pending . . .
.may make an order which justice requires to protect a party or
person from annoyance, embarrassment, oppression, or undue
burden or expense, including

> \* \* \*
>
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

Fed.R.Civ.P. 26(c)(7).

The subject matter of confidential commercial information to be protected during discovery is broad. <u>Miles v. Boeing Co.</u>, 154 F.R.D. 112, 114 (E.D. Pa. 1994). Indeed, "[c]ompetitive disadvantage is a type of harm cognizable under Rule 26, and it is clear that a court may issue a protective order restricting disclosure of discovery materials to protect a party from being put at a competitive disadvantage." <u>Id</u>. <u>See also</u> <u>Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.</u>, 529 F. Supp. 866, 890 (E.D. Pa. 1981). The court must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 787 (3d Cir. 1994). Even if a Court determines that discovery requires that confidential materials be disclosed, "the issue becomes whether they should be disclosed only in a designated way." <u>Id</u>. Courts have a broad discretion in crafting protective orders to minimize the negative consequences of disclosure and serve the public interest simultaneously. <u>Id</u>.

In this case, the Deliverables are engineering designs consisting of calculations and drawings. They were created by MLEA, and then sold through a non-party, Accurate Machine, to the United States Department of Energy and its Savannah River Site operator, the Westinghouse Savannah River Corporation ("DOE/WSRC") pursuant to Accurate Machine's contract with DOE/WSRC. The Deliverables are design plans for the fabrication of certain components of a weapons-grade plutonium nuclear facility. They will form the basis of a future fabrication project for which DOE/WSRC will eventually solicit bids. The Deliverables are

"commercial information" within the ambit of Rule 26(c)(7). WSRC has made it clear to Accurate Machine that it expects either a FOIA request or a subpoena to release the Deliverables. And Accurate Machine has made it clear that any disclosure should be restricted to AIT's outside counsel and outside engineering experts.

Because the Deliverables will become part of the bid package for the fabrication aspect of the Savannah River Project, Plaintiff's unrestricted access to the Deliverables before the release of the fabrication bid package without question would give Plaintiff a competitive advantage on the fabrication work. Even if Plaintiff ultimately does not bid on the Savannah River Project fabrication contract -- as Plaintiff's new Affidavit suggests -- the mere fact that a competitor such a Plaintiff would have obtained the most important aspect of the bid package before it was released to the other potential bidders has dangerous potential in the highly regulated and sensitive DOE/WSRC government contract bidding procedure.[1]

By contrast, Plaintiff has provided no legitimate reason why it cannot hire an independent engineering expert consultant who can make the desired comparison *without* disclosing the Deliverables directly to Plaintiff. Indeed, Plaintiff's counsel has admitted that it will need to eventually hire such an expert to testify at trial anyway. As the Court suggested during the August 23, 2002 conference call, a balancing of the interests in this case indicates that restricted disclosure, only to Plaintiff's attorneys and experts -- and not to the Plaintiff – is the most reasonable way to resolve this issue. See Pansy, 23 F.3d at 787 (court must balance the plaintiff's need for information against injury that might result if uncontrolled disclosure is compelled); see also Vogue Instrument Corp. v. Lem Instruments Corp., 41 F.R.D. 346, 348

---

[1] Indeed, the primary government contractor, Accurate Machine, has already been placed in a difficult position concerning its own business relationship with DOE/WSRC over this lawsuit – as Plaintiff's Supplemental Memorandum and its Exhibit B point out.

(S.D.N.Y. 1967) (defendants whose proprietary information is being sought in discovery are entitled to protection against unauthorized disclosure, particularly to competitors).

### III.  CONCLUSION

Plaintiff's argument that Defendants have no legally cognizable basis for restricting access to the Deliverables is without merit.  It is within the Court's sound discretion to balance the interests to protect the legitimate business relationships of MLEA and the interests of Accurate Machine and WSRC.  An attorneys/experts eyes-only restriction on access to the Deliverables best accomplishes this goal.

Respectfully submitted,

_____
PEPPER HAMILTON LLP
Philip J. Katauskas
Robert S. Nix
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Defendants

Date:   September 23, 2002

## **CERTIFICATE OF SERVICE**

      I, Philip J. Katauskas, certify that a true copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Compel Discovery was served via hand delivery, this 23rd day of September, 2002 upon the following Attorney for Plaintiff.

        Donald D. Gamburg, Esquire
        Blank Rome Comisky & McCauley LLP
        One Logan Square
        Philadelphia, PA  19103-6998

        _____
        Philip J. Katauskas